## JAMES L. VAN INGEN *v.* R. S. & O. E. NEWTON.

1. The construction of the writing claimed to be libelous is a matter for the court. Words, whether spoken or written, which are charged as slanderous or libelous, must be set out, in order that the court may see that there is a charge on the defendant, which he is bound to answer.

2. It is for the jury to decide whether the charge, as alleged, be proved, or whether it be a false and malicious libel. Whether the language will sustain a charge of libel or slander is a question of law; whether it had, when used, a slanderous meaning, may be a question for the jury.

3. Words that, in their usual and ordinary sense, have a libelous meaning, must be taken as intending what the words import, and it is the duty of the court to instruct the jury as to the intent so to be inferred. The charge being that such words have been falsely and maliciously published, and proof being given of their publication, it devolves upon the defendant to show that they were true, or that they were written under circumstances showing no malice or no injury. Upon the effect of such circumstances, in depriving the words of any sting, the jury, under the instruction of the court as to what constitutes a libel, is to decide.

4. It is no defense that the defendant did not intend to use the words in a libelous sense. The publication being proved, and being in its character libelous, responsibility can not be avoided by the denial of actual malice, and it must be shown that there was a justification or excuse.

5. Whether the statements in the answer show a justification, is for the court. If so shown, whether it is established by the evidence, it is the peculiar province of the jury to decide.

SPECIAL TERM.—Action of libel, on trial to a jury.

*Charles Fox*, for plaintiff.

*Nicholas Headington*, for defendants.

GHOLSON, J. This action is brought by the plaintiff, a physician and surgeon, against the defendants, the publishers of a medical journal, for a libel. The alleged libelous matter is contained in a report of a trial involving a question of malpractice on the part of a surgeon, in treating an arm injured by a fall, and on which trial different surgeons were examined, and whose testimony is reported. The libel alleged is in these words: " Dr. James L. Van Ingen intruded himself

as a witness, or expert, but he exhibited such a marked ignorance of surgery and surgical science, that his contradictory evidence is dispensed with, he evidently having had a purpose to subserve by testifying in the case."

The publication of the defendants is admitted, but there is a denial of any malice. Facts are stated in the answer, in reference to two points contained in the publication:

1. The manner in which the plaintiff became a witness.

2. The points of his testimony showing ignorance of surgery.

It is also claimed in the answer, that the writing, set out in the petition as libelous, was not so intended, and can not be so construed; and this is claimed by separate allegations, as to both the points which have been mentioned.

As to the construction of the writing, it is claimed, by counsel for the defendants, that it is a matter not for the court but the jury. I will first inquire into this question and state my views of the law on the subject.

Words, whether spoken or written, which are charged as slanderous or libelous, must be set out, in order "that the court may see that there is a charge on the defendant which he is bound to answer." It is the duty of the court to see that there is such a charge, and to be prepared to tell the jury what it is, and its scope and extent. Whether the charge, as alleged, be proved; whether it be a false and malicious libel, may be, when denied, a matter of fact to be decided by the jury. The rule on this point is thus stated by the Supreme Court of the United States: " In every instance of slander, either verbal or written, malice is an essential ingredient: it must, in either, be expressly or substantially averred in the pleadings; and whenever thus substantially averred, and the language, either written or spoken, is proved as laid, the law will infer malice, until the proof, in the event of denial, be overthrown, or the language itself be satisfactorily explained." 3 Howard, 286, *White* v. *Nicholls, et al.* The malice here intended is legal, as distinguished from actual malice.

It is not all language which is capable of sustaining a

charge of slander or libel. Whether the language will sustain such a charge, is a question of law. Whether it had, when used, a slanderous or libelous meaning, may be a question of fact; and such a question is for the jury. To say of a person, in words written or spoken, that "he is a thief," is slander. But these words may have been used, and may have been understood, in an innocent sense; and when such a question arises, it is for the jury. When words are written and published that, in their usual and ordinary sense, have a libelous meaning, the party writing or publishing must be taken to intend what the words import; and it is the right and duty of the court to instruct the jury as to the intent so to be inferred from the use of the words; 11 Ad. & El. 920, *Baylis* v. *Lawrence*. Where the charge is, that such words have been falsely and maliciously published, and proof is given of their publication, the charge is made out, and it devolves on the defendant to show that they were true, or that they were written under circumstances showing no malice or no injury. It is upon the effect of such circumstances, in depriving the words of any slanderous sting, that the jury, under the instruction of the court, as to what constitutes a libel, is to decide.

Such being my view of the rule of law on this subject, I shall proceed to state to the jury what is the charge, made by the plaintiff against the defendants in this case, and what that charge, according to the meaning proper to be given to the words in which it is expressed, imports. The charge is in words as already stated; and I now say to the jury that those words are libelous. They are sufficient in themselves to sustain a charge of libel. Their publication is admitted, and it devolves upon the defendants to show by evidence that they are true, or were published under such circumstances as not to be of an injurious nature, or were published on some lawful occasion.

Whether the defandants have so done will depend on the allegations and the proof. It is claimed that the defendants did not intend to use the words in a libelous sense. It is my duty to tell you that this is no defense; 15 Mees. & Wels. 437,

*O'Brien* v. *Clement.* When a party publishes of another, matter which, in its ordinary and usual meaning, is libelous, he can not escape responsibility by saying it was not intended; he must show that there was a justification, or that, under the circumstances, there was no injury, the matter not being understood, by those to whom it was addressed, in a libelous or injurious sense.

It is claimed that there was no malice. It may be, that, on the part of these defendants, there was no personal ill will, no intention to injure the defendant, but that is rather to be considered in assessing damages. It does not show that there was no malice in a legal sense, as before explained. The publication being proved, and being, in its character, libelous, responsibility can not be avoided by the denial of actual malice. It must be shown that there was a justification or excuse.

We are brought, therefore, to the only real points of defense: how far the publication is justified by the allegations and evidence of the defendant. This leads to an inquiry into the charges in the publication, and the justification of those charges in the answer. The two points in the publication, to which the statements in the answer have been directed, are mentioned. Whether those statements show a justification, is for the court; if so shown, whether it is established by the evidence, it is the peculiar province of the jury to decide. As to the first point, that the plaintiff intruded himself as a witness, the statements and allegations in the answer, if you find them proved, do constitute a justification. As to the second point, that the plaintiff exhibited marked ignorance of the science of surgery, and made contradictory statements, the allegations in the answer do not constitute a defense, and can only be considered in mitigation of damages.

A charge of exhibiting ignorance of one's profession, made in a general form, is very distinguishable from a charge of ignorance on a particular topic, or in a particular case. According to the ordinary and usual meaning of language,

the charge in this case, is more general than the justification set up in the answer, and, therefore, the latter can not be deemed sufficient.

It is possible a defense might have been framed, that the words, though general, were understood by those to whom they were addressed in a limited and restricted sense; but, I can not conceive how this could be. It is sufficient, however, to say no such defense is made.

The attention of the jury will, therefore, be directed to the inquiries:

1. Did the plaintiff intrude himself as a witness, as charged in the publication? If he did, no damages can be allowed on account of that charge.

2. Did the plaintiff, in his evidence, as claimed in the answer, show ignorance as to the particular matter, or make contradictory statements? If he did, though not amounting to a justification of the general charge, it is entirely proper to be considered upon the question of damages. One who undertakes to give information on a subject which he does not understand, though well acquainted on kindred subjects, has not the same right to complain of a general charge of ignorance, as one who declines to speak, or who speaks correctly.

I have stated to you the matters in issue, on which you are to pass, and it is proper that I should add, that as to these you have no discretion; you must decide according to the law and the evidence. It is the right of the parties that your action be so limited. I now come to a question as to which you have a discretion to exercise: the question of damages. It is your duty, upon this point, to look at the conduct of the parties and the circumstances of the case. If the defendants, without justifiable cause or excuse, have published a libel of the plaintiff; matter calculated to injure his character, by bringing him into ridicule, hatred, or contempt, then the plaintiff is entitled to such compensation for the injury to his feelings, as in your discretion, as reasonable men, you think proper and right; if he has sustained losses to his business, this he might claim, but of this there should be some proof.

He may fairly claim to have taken into consideration the charges, trouble, and expense involved in the vindication of his character, and induced by the wrongful charge of the defendants.

On the other hand, if any substantial portion of the charge is justified, this is to be considered as already stated. If not wholly justified, still it is to be considered as showing how far the plaintiff, by anything either improper or imprudent in his own conduct, brought the charge upon himself; and in this connection it is proper to observe, that the conduct of any party, claiming compensation for an injury to his feelings, in reference to the matter out of which the injury is claimed to proceed, is always, and particularly, a matter proper for consideration.

After you have determined as to the compensation proper for the plaintiff, the law allows, in such cases as this, that another matter may be considered: whether you should add to that compensation damages, for the purpose of punishing the defendants? This, while it is permitted, it is not the policy of the law to encourage, except in cases which, from their circumstances, clearly evince the propriety; and, on this subject, it is proper you should inquire into the conduct of the defendants. Did they formally write, and knowingly print, the matter alleged to be libelous? If they did not, while they may be responsible to the extent of a full compensation to the plaintiff, there would seem to be no propriety in inflicting punishment. If they have shown no ill will or personal spite to the plaintiff, no conscious violation of his legal rights, they can not be said to have shown any actual malice, and ought not to be punished, though they can not escape the imputation of that legal malice, in the sense of an absence of justification or excuse, which entitles the plaintiff to compensation.

Verdict for plaintiff, $100.